U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 08 2018

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 1:17-CR-00245-01 |
| VERSUS | CHIEF JUDGE DRELL |
| CRISTINA DANIELA SANTOS | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

The Director of the Bureau of Prisons ("BOP") Metropolitan Detention Center in Los Angeles, California filed a motion for a 15 day extension of time in which to conduct Defendant's psychiatric evaluation. That motion is granted.

I. **Background**

Defendant Cristina Santos is charged in an indictment with federal felony drug offenses, and is currently a pretrial detainee. Pursuant to Santos's request, the Court ordered: (1) an evaluation of Santos's mental competency to stand trial; and (2) an insanity evaluation. The evaluations are to be performed by the Bureau of Prisons, in a Bureau of Prisons facility.

The order for evaluation was issued by this Court on February 26, 2018 (Doc. 208). According to a May 14, 2018 letter from Warden Milusnic of the Metropolitan Detention Center, the BOP did not designate a treatment facility for Santos until April 18, 2018. Santos arrived at the Metropolitan Detention Center on May 3, 2018. Warden Milusnic now asks for an additional 15 days in which to evaluate Santos, pursuant to 18 U.S.C. § 4247(b).

II. <u>Law and Analysis</u>

1. <u>The delay in transporting Santos for her psychiatric examination was presumptively unreasonable and may not be excludable.</u>

Warden Milusnic's letter left the undersigned wondering why it took over two months, after this Court ordered that Santos be evaluated, for that evaluation to begin. The Court ordered the 45 days for evaluation begin on the date she arrived at the facility for evaluation. However, it was never the Court's intention to give the BOP an unlimited amount of time in which to begin that evaluation.

There is a statutory directive for this situation. Title 18 U.S.C. § 3161(h)(1)(F) provides for a 10-day delay, excluded from the Speedy Trial time limit, for transportation of a defendant to and from places of examination or hospitalization.[1] "[A]ny time consumed in excess of 10 days from the date of the order directing such transportation and the Defendant's arrival at the destination is presumed to be unreasonable…". See 18 U.S.C. § 3161(h)(1)(F).

The same situation arose in <u>U.S. v. Turner</u>, 602 F.2d 778, 785 (6th Cir. 2009). In <u>Turner</u>, the court held the government did not rebut the presumption that it should not take more than 10 days to transport an inmate from a prison to the site of a

---

[1] Ch. 208, Speedy Trial, 18 U.S.C. § 3161, Time limits and exclusions:
    (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
        (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
            (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable; …

2

competency examination. The court further found the government failed to request an ends-of-justice continuance to find a placement and transport the defendant. The Sixth Circuit stated that, under § 3161(h)(F), any time over 10 days spent transporting the defendant to his psychiatric examination is considered unreasonable. See Turner, 602 F.3d at 786 (citing United States v. Castle, 906 F.2d 134, 137 (5th Cir. 1990) (ordinary institutionalized delay is not an excuse)).

In Castle, 906 F.2d at 137, the Fifth Circuit held the 22-day delay between the order for a psychiatric evaluation and the defendant's arrival at the place where the evaluation would take place was not reasonable, and that that presumption of unreasonableness could not be rebutted by a showing of diligent effort. See also U.S. v. Taylor, 821 F.2d 1377, 1384, n.10 (9th Cir. 1987), rev'd on other grounds, 487 U.S. 326 (1988) (delays in transportation, to accommodate the government in its desire to effect economical transportation of prisoners in larger groups, are not excludable under the Speedy Trial Act); U.S. v. Hernandez-Amparan, 600 F. Supp. 2d 839, 842 (W.D. Tex. 2009).

In this case, there was a 65-day delay between the order for evaluations and Santos's arrival at the facility for evaluation. Neither the BOP nor the Assistant United States Attorney requested a continuance. As § 3161(h) states, the delay beyond 10 days is presumed to have been unreasonable. Therefore, the 10 days from February 27 through March 8, 2018 are excludable from the Speedy Trial Act limits. March 9 through May 3, 2018, or 55 days, may not be excludable.

The parties are directed to file briefs on or before June 12, 2018, addressing this issue, if they wish to do so.

2. The motion for extension of time for evaluation is granted.

In his request for an additional 15 days for evaluation, the Warden explained that he was requesting the extension "as permitted by the statute to complete the testing and examination necessary to develop a history, diagnosis, and opinion."

Section 4247(b) provides that "the director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241, 4244, or 4245, and not exceed thirty days under section 4242, 4243, 4246, or 4248, *upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.*" [Emphasis added.]

In this case, the Warden appears to be stating the additional time is necessary to complete the entire evaluation. Since Santos was ordered for both a mental competency and an insanity evaluation, the request is reasonable, and the motion for additional time will be granted.

III. Orders

IT IS ORDERED that the motion for a 15 day extension is GRANTED. Santos's evaluation period began on the date of her arrival, May 3, 2018 and, with the additional 15 days, will continue through **July 2, 2018**.

IT IS ORDERED that Santos shall be returned to this Court's jurisdiction on or before **July 12, 2018**.

IT IS ORDERED that the report on Santos's psychological evaluation shall be submitted to this Court on or before August 1, 2018.

IT IS ORDERED that the parties have through June 15, 2018 to file briefs on the issue of the presumptive unreasonableness of the delay in sending Santos for her psychiatric evaluations, and its excludability from the Speedy Trial Act limits.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 5th day of June 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge