b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | CRIMINAL DOCKET 1:17-CR-00245-01 |
| VERSUS | JUDGE DRELL |
| CRISTINA DANIELA SANTOS,<br>Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Santos file a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, requesting an out-of-time appeal. ECF No. 489. Because Santos's allegation of ineffective assistance of counsel is unsupported, Santos's § 2255 Motion should be DENIED.

I.   Background.

Santos was convicted pursuant to a plea agreement in the United States District Court for the Western District of Louisiana on one count of conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing a detectable amount of methamphetamine. ECF No. 266. Santos was sentenced to 130 months imprisonment in January 2019. ECF No. 411.

Santos's trial counsel did not file a Notice of Appeal. In his Motion to Withdraw, defense counsel stated he had advised Santos of her right to appeal and that he would not be able to represent her on appeal. According to counsel, Santos advised him she did not want to file a Notice of Appeal. ECF No. 448.

Five months later, Santos filed a Motion to Appoint Counsel for Appeal Purposes. ECF No. 470. While it was noted that Santos had not filed a Notice of Appeal and the delay in which to do so had expired, Santos was appointed counsel for the purpose of requesting an out-of-time appeal or other comparable relief. ECF No. 479. Santos next filed this § 2255 Motion, alleging she had ineffective assistance of trial counsel because he failed to properly advise her of her right to appeal. ECF No. 489. For relief, Santos requests an out-of-time appeal. ECF No. 489.

II. Law and Analysis.

To establish that her legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense"). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding; rather, defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different. *See Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994); *see also U.S. v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994).

Criminal defense counsel is not burdened by any general duty to perfect an appeal of every criminal conviction. *See Childs v. Collins,* 995 F.2d 67, 69 (5th Cir. 1993), *cert. den.,* 510 U.S. 1016 (1993). The decision whether to appeal is made by the defendant. *See United States v. Faubion,* 19 F.3d 226, 231 (5th Cir.1994); *Childs,* 995 F.2d at 69 n. 1; *Norris v. Wainwright,* 588 F.2d 130, 137 (5th Cir. 1979), *cert. den.,* 444 U.S. 846 (1979). But counsel is constitutionally required to fully inform the defendant of his appellate rights. *See Faubion,* 19 F.3d at 231; *Childs,* 995 F.2d at 69. "The Constitution requires that the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal." *Faubion,* 19 F.3d at 231; *see also Childs,* 995 F.2d at 69 *Lumpkin,* 439 F.2d at 1085. Counsel's failure to so advise a defendant once a conviction is entered falls below prevailing professional standards and is constitutionally deficient performance within the meaning of *Strickland.* *See Gipson,* 985 F.2d 212, 215 (5th Cir. 1993).

"The first *Strickland* prong begins with the question whether counsel 'consulted' with the defendant regarding an appeal." *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (citing *Roe v. Flores–Ortega,* 528 U.S. 470, 476–77 (2000)). "Consulting" is a term of art that means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* "If counsel has consulted

with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Cong Van Pham*, 722 F.3d at 323–24; *see also Caillier v. United States*, 2015 WL 1959477, at *27 (W.D. La. 2015); *United States v. Alfred,* 2014 WL 978513, at *9 (W.D. La. 2014).

Filing a notice of appeal is, generally speaking, a simple, non-substantive act that is within the defendant's prerogative. *See Garza v. Idaho*, 139 S. Ct. 738, 745–46. Under *Flores–Ortega*, 528 U.S. at 477, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . [F]iling a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Garza*, 139 S. Ct. at 746; *see also United States v. Calderon*, 665 Fed. Appx. 356, 364 (5th Cir. 2016). Where an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed "with no further showing from the defendant of the merits of his underlying claims." *See Garza, 139 S. Ct. at 747 (citing Flores-Ortega*, 528 U.S. at 484). However, since Fed. R. App. P. 4(b)(1)(A)'s 10-day time limit to file a notice of appeal is not statutorily imposed, it is "not jurisdictional and [can] be waived." *United States v. Martinez,* 496 F.3d 387, 388-89 (5th Cir. 2007), *cert. denied,* 552 U.S. 1070 (2007); *see also United States v. Garza,* 439 Fed. Appx. 297, 300 (5th Cir. 2011), *cert den.,* 568 U.S. 827 (2012).

4

Santos's trial counsel did not file a Notice of Appeal. In her brief, Santos admits her attorney advised her of her right to appeal and that she waived it.[1] ECF No. 489. In his Motion to Withdraw, defense counsel stated he had advised Santos of her right to appeal and that he would not be able to represent her on appeal, and said that Santos had advised him she did not want to file a Notice of Appeal. ECF No. 448. Five months later, Santos filed a Motion to Appoint Counsel for Appeal Purposes. ECF No. 470.

Santos argues that, due to her emotional upset after sentencing, she did not knowingly and intelligently agree to waive her appeal, and that she had relied on her attorney's statement that she could not appeal her sentence. In a signed statement, Santos stated that her trial attorney told her that, because she received the mandatory minimum sentence, she would not be able to appeal her sentence. ECF No. 504. Santos stated she was left with the impression that she could not file an appeal. ECF No. 504; ECF No. 489-1 at 5. Santos also stated in her brief that her attorney told her he could not represent her on appeal, but did not explain her deadlines or the processes by which she could appeal on her own.

Santos claims her trial counsel was ineffective for failing to wait to explain her right to appeal after "the sting, shock and emotional trauma of being sentenced" had dissipated. ECF NO. 489-1 at 6. Santos further claims her trial counsel was ineffective for: (1) failing to explain the advantages and disadvantages of an appeal;

---

[1] In his Motion to Withdraw as Counsel (ECF No. 448), defense counsel stated that he had advised Santos of her right to appeal and that he would be unable to represent her on appeal, and that Santos told him she did not want to file a Notice of Appeal.

5

(2) failing to explain what she needed to do if she wanted to appeal and how to apply for court-appointed counsel on appeal; (3) failing to make sure she understood she could appeal; and (4) accepting her waiver of appeal before she recovered from the "shock" of being sentenced. ECF No. 489-1 at 6.

Although Santos claims she was unable to understand what her attorney told her with regard to her right to appeal due to the "shock" of her sentencing, the District Court also informed Santos of her right to appeal her plea and sentence and the time limit for doing so. Santos's claim she did not understand what she was doing when she waived her appeal due to "shock" is self-serving and unsupported. First, if that was a viable argument, then every convict who waived their right to appeal would later be able to ask for an out-of-time appeal by claiming they had waived their appeal unknowingly due to the shock of their sentencing. Second, Santos was aware of the potential sentences she faced because she reduced her exposure to those penalties by entering into a plea agreement with the Government. Third, Santos could not have actually been "shocked" by her sentence because she received a significantly reduced sentence, below her Sentencing Guideline range.[2]

Santos admits she conferred with counsel and decided not to appeal. Therefore, it is clear that counsel consulted with Santos concerning her right to appeal and that Santos did not instruct her attorney to file a Notice of Appeal. Santos's unsupported, conclusory allegation, that she did not understand what she

---

[2] It is also noted that Santos's attorney informed the Court at her sentencing that Santos's outlook, emotional condition, and perspective had changed and improved since she had been arrested; she was thinking more clearly and prospectively since she was no longer under the influence of drugs.

was doing when she told her attorney she did not want to appeal, does not support her claim of ineffective assistance of counsel. *Compare Vickers v. United States*, 2018 WL 2103220, at *3 (N.D. Tex. 2018) (court upheld Defendant's waiver of her right to appeal on counsel's advice, despite her unsupported, conclusory allegations that she was unable to remember doing so due to lack of education, impaired memory, and counsel's alleged failure to provide her with information pertaining to the waiver.)

Santos also complains her trial counsel did not inform her of the time limits for filing an appeal. However, the District Court advised her of those time limits. Therefore, Santos cannot show she was not informed of the time limits. *Compare United States v. Jones*, 2005 WL 1704910, at *5 (W.D. La. 2005).

Because Santos has not adduced any evidence to show that her attorney failed to consult with her about her right to appeal, or did not do what she asked him to do with regard to appeal, Santos had not shown she had ineffective assistance of counsel. Santos's § 2255 motion should be denied.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Santos's § 2255 Motion (ECF No. 489) be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days

after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See <u>Douglass v. United Services Automobile Association</u>, 79 F. 3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** <u>See</u> 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

8

THUS DONE AND SIGNED in Chambers in Alexandria, Louisiana on this 23rd day of September 2020.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge