UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 17-cr-245-01-01 |
| -vs- | JUDGE DRELL |
| CRISTINA DANIELA SANTOS (01) | MAGISTRATE JUDGE PEREZ-MONTES |

### RULING AND ORDER

Before the court is a motion to reduce sentence pursuant to 28 U.S.C. § 3582(c)(1)(A), (Doc. 562), and a motion to reduce sentence pursuant to the First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194, (Doc. 564), filed by defendant Cristina Daniela Santos ("Santos"). For the following reasons, the motions will be **DENIED**.

As it pertains to Santos' motion pursuant to § 3582(c)(1)(A), (Doc 562), the motion is repetitive because it presents the same grounds for release as a previously filed motion to reduce sentence pursuant to § 3582(c)(1)(A), (Doc. 577), which we denied by order on June 21, 2021, (Doc. 561). Accordingly, Santo's instant motion pursuant to § 3582(c)(1)(A) is summarily denied with reference to the June 21, 2021 order, (Doc. 561).

As it pertains to Santos' motion pursuant to the First Step Act of 2018, Santos is specifically mistaken that she was sentenced to a mandatory minimum sentence and generally mistaken that the changes promulgated by the First Step Act of 2018 to 21 U.S.C. § 841 entitle her to relief. Santos pled guilty to a violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. 268). Because she met the safety-valve criteria set forth in 18 U.S.C. §§ 3553(f)(1)-(5), this Court was within its discretion to impose a sentence without regard to any mandatory minimums. (Doc. 420, p 19). The offense level was set to 35, in part pursuant to U.S.S.G. 2D1.1(c)(1) because Santos was accountable for

5.796 kilograms of actual methamphetamine setting a guideline imprisonment range between 168 to 210 months. (Doc. 420, pp 13, 20). Because Santos qualified for the safety-valve, this court departed from that guideline range and sentenced her to 130 months. Accordingly, Santos was not sentenced pursuant to any mandatory minimums provided in 21 U.S.C. § 841(b)(1)(A).

Even if she had been sentenced pursuant to the mandatory minimums provided in 21 U.S.C. § 841(b)(1)(A), the First Step Act's alterations to § 841(b)(1)(A) only affects defendants with prior convictions for a serious drug or violent felony. First Step Act or 2018 Title IV § 401. According to the Presentence Investigation Report, Santos does not have any juvenile or adult criminal convictions. Thus, even if she argues that this court contemplated the mandatory minimum provided in § 841(b)(1)(A), the minimum she would have been subject to, ten years, was left intact by the First Step Act of 2018. Considering the guideline imprisonment range, this Court used its discretion to the benefit of Santos, whether or not the mandatory minimum was contemplated.

For the reasons explained above, it is hereby **ORDERED** that Santos' motions to reduce sentence, (Docs. 562, 564), are hereby **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this ___15___ day of February, 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT